| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>------------------------------------------------------------- x<br>In re:                                                                 :<br>                                                                           :<br>TEAR DROPS OF ELEGANCE, INC.,              :<br>                                                                           :<br>                                        Debtor.                  :<br>------------------------------------------------------------- x | HEARING DATE:  July 12, 2018<br>HEARING TIME:  12:00 p.m.<br>OBJECTION DEADLINE: July 5, 2018<br><br>Case No. 18-10785 (CGM)<br><br>(Chapter 11) |

**MEMORANDUM OF LAW IN SUPPORT OF UNITED STATES TRUSTEE'S
MOTION TO DISMISS OR CONVERT CASE UNDER 11 U.S.C. § 1112(b)**

TO:    THE HONORABLE CECELIA G. MORRIS,
          CHIEF UNITED STATES BANKRUPTCY JUDGE:

William K. Harrington, United States Trustee for Region 2 (the "United States Trustee"), hereby files his Memorandum of Law in Support of his Motion to Dismiss or Convert Case under 11 U.S.C. § 1112(b).  In support of the Motion, the United States Trustee respectfully represents and alleges as follows:

**I.    INTRODUCTION**

The Debtor, which is a corporation, filed a *pro se*, skeletal chapter 11 petition on March 22, 2018 apparently to stay eviction from its business premises.  To date, the Debtor has failed to appear through counsel.  The Debtor also failed to file Schedules, a Statement of Financial Affairs, Monthly Operating Reports, and other required documents and no one appeared on the Debtor's behalf at the § 341(a) Meeting of Creditors.  Based on these facts, cause to convert or dismiss the Debtor's case exists on at least three grounds: (1) As a corporation, the debtor may not appear in bankruptcy court *pro se*; (2) there was an "unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable in a case under this chapter" under § 1112(b)(4)(F); and (3) The Debtor failed to appear for examination under oath at the scheduled § 341(a) meeting of creditors, which constitutes cause under § 1112(b)(4)(G)  If the Court determines that there is cause under § 1112(b)(4), dismissal is in the

1

best interest of creditors and the estate under § 1112(b)(1). Because of the skeletal filing, a chapter 7 trustee would likely be unable to administer the estate; and the Debtor's landlord and other creditors may seek their remedies against the Debtor in non-bankruptcy forums.

## II.  FACTS

### A.  The Chapter 11 Case

On March 22, 2018 (the "Petition Date"), the Debtor filed a *pro se*, skeletal chapter 11 petition (the "Petition"). Petition, Exhibit 1 to the Declaration of Alicia M. Leonhard (the "Leonhard Declaration"), and Docket, as of June 18, 2018, Exhibit 2 to the Leonhard Declaration. The Debtor failed to include the signature of an authorized representative of the Debtor on the Petition. Petition, at 4. On March 26, 2018, the Debtor filed an amended signature page (the "Amended Signature Page"), adding the signature of Gilda S. Cruz, President and Owner of the Debtor. Amended Signature Page, Exhibit 1A to the Leonhard Declaration. In the Petition, the Debtor described itself as a "Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)," and designated itself as a small business debtor. Petition, at 1, § 6, and 2, § 8.

The only documents the Debtor has filed in the case since the Petition Date are the Petition, Amended Signature Page, and Creditor Mailing Matrix. Exhibit 1. To date, the Debtor has failed to file Schedules, a Statement of Financial Affairs, and the documents small business debtors must file under 11 U.S.C. §§ 308 and 1116 and Federal Rules of Bankruptcy 1007 and 2017, including financial statements, tax returns, and monthly operating reports. Docket, Exhibit 2. The Debtor did not appear for the § 341(a) meeting, which was scheduled for April 26, 2018.

### B. The Action to Evict the Debtor from its Leased Business Premises

The Debtor apparently filed the case to stay eviction from its business premises (the "Business Premises"), leased from 2232-2240 ACP Owner, LLC (the "Landlord"). The Landlord has been seeking to evict the Debtor from the Business Premises for non-payment of rent since it filed an action in the Civil Court of the City of New York, New York County, on April 28, 2015 (Index No. G3377/IS) (the "Eviction Action"). Declaration of Jeremy M. Poland, Esq. (the "Poland Declaration") in support of the Landlord's Motion for Relief from the Automatic Stay, filed on March 28, 2018, ¶¶ 3-14. (ECF Doc. No. 8). The Poland Declaration is attached as Exhibit 3 to the Leonhard Declaration.

According to the Poland Declaration, the Civil Court issued a Warrant of Eviction on March 28, 2016. Poland Declaration, ¶ 6. Thereafter, the Landlord entered into four stipulations with the Debtor to settle the Eviction Action, but the Debtor defaulted on all of them. *Id.*, ¶¶ 7-14. After the Debtor's fourth default, the Landlord served the Marshal's Notice of Eviction on the Debtor. In response, on July 25, 2017, Ms. Cruz, the Debtor's president, filed chapter 13 Case No. 17-12016 (CGM)), which was converted to chapter 7 on April 11, 2018 (the "Cruz Case"). *Id.*, ¶ 14, and Cruz Case Docket, Exhibit 4 to the Leonhard Declaration, ECF Doc. Nos. 1 and 34. The Landlord filed a Motion for Relief from the Automatic Stay in the Cruz Case on January 11, 2018, which the Court granted on March 1, 2018. ECF Doc. Nos. 25 and 29.

Three weeks after the Landlord obtained relief from stay in the Cruz Case, the Debtor filed this chapter 11 case which again stayed the Landlord's attempt to evict the Debtor from the Business Premises. On March 28, 2018, the Landlord filed a Motion for Relief from the Automatic Stay, which the Court granted on April 19, 2018. ECF Doc. Nos. 8 and 13,

### III. ARGUMENT

#### A. There is Cause to Dismiss or Convert the Debtor's Case under 11 U.S.C. § 1112(b)(4).

Section 1112(b) provides, in part, that:

> (1) Except as provided in paragraph (2) and subsection (c), on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.

11 U.S.C. § 1112(b)(1).

The Court may convert or dismiss a chapter 11 case upon a finding of cause under § 1112(b)(4). *In re FRGR Managing Member LLC*, 419 B.R. 576, 580 (Bankr. S.D.N.Y. 2009). The moving party has the burden of proving that cause exists. *In re the AdBrite Corporation*, 290 B.R. 209, 215 (Bankr. S.D.N.Y. 2001) (citations omitted). The Bankruptcy Court has "wide discretion to determine if cause exists and how to ultimately adjudicate the case." *In re the 1031 Tax Group, LLC*, 374 B.R. 78, 93 (Bankr. S.D.N.Y. 2007).

Section 1112(b)(4) provides sixteen examples of cause, including (1) "unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable in a case under this chapter" under § 1112(b)(4)(F); and (2) "failure to attend the meeting of creditors convened under section 341(a) . . . without good cause shown by the debtor" under § 1112(b)(4)(G).

The list of examples is nonexclusive "and courts are free to consider other factors." *In re BH S&B Holdings*, LLC, 439 B.R. 342, 346 (Bankr. S.D.N.Y. 2010). "While the enumerated examples of cause . . . now listed in § 1112(b)(4) have changed under BAPCPA, the fact that they are illustrative, not exhaustive, has not." *1031 Tax Group,* 374 B.R. at 93, quoting *In re*

4

*State Street Assoc., L.P.*, 348 B.R. 627, 639 (Bankr. N.D.N.Y. 2006) (internal quotation marks omitted).

In this case, cause exists on at least three grounds: (1) the Debtor, which is a corporation, may not appear in the case *pro se*; (2) the Debtor has failed "to satisfy timely any filing or reporting requirement established by this title or by any rule applicable in a case under this chapter" under § 1112(b)(4)(F); and (3) the Debtor did not "attend the meeting of creditors convened under section 341(a) . . . without good cause shown by the debtor" under § 1112(b)(4)(G).

### 1. As a Corporation, the Debtor May Not Appear in Bankruptcy Court *Pro Se*.

Cause under § 1112(b) exists if a corporate debtor files a case *pro se*. Corporations and other entities may not appear in federal court except through counsel. *Phillips v. Tobin*, 548 F.2d 408, 411 (2d Cir. 1976). "Corporations and partnerships, both of which are fictional legal persons, obviously cannot appear for themselves personally." *Id.* (citations omitted). *See also Frayler v. New York Stock Exchange, Inc.*, 118 F. Supp. 448, 451 n.2 (S.D.N.Y. 2000) (*pro se* appearance of a corporation in federal court is "at all times a nullity"). Grounds to dismiss a chapter 11 case, therefore, exist under Section 1112(b) when a *pro se* debtor is a fictitious person that must appear through counsel. *See In re BSL Operating Corp.*, 57 B.R. 945, 948 (Bankr. S.D.N.Y. 1986) (chapter 11 case dismissed because corporate debtor filed *pro se*). *See also In re RK Hospitality, LLC*, 2011 WL 1116784, at *1 (Bankr. N.D. Ga. March 10, 2011) (court dismissed chapter 11 case because the corporate debtor had no counsel and could not proceed in bankruptcy *pro se*).

Here, the Debtor identified itself as a corporation in the Petition. The Debtor's president, Ms. Cruz, prepared and filed the Petition on the Debtor's behalf. Because corporations may only

5

appear in Bankruptcy Court through counsel, and the Debtor filed the case *pro se*, there is cause to convert or dismiss the case under § 1112(b)(4).

        2.        **Cause to Convert or Dismiss Exists under § 1112(b)(4)(F).**

There is cause under § 1112(b)(4)(F) when there is an ""unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable in a case under this chapter[.]"  In this case, the Debtor has failed to fulfill any of the filing and reporting requirements set forth in the Bankruptcy Code and Rules.  Among other things, the Debtor has not filed Schedules and a Statement of Financial Affairs, as required under 11 U.S.C. § 521 and Federal Rules of Bankruptcy Procedure 1007 and 2017.  The Debtor has not filed financial statements, tax returns, and other documents required of small business debtors under § 1116 and monthly operating reports, required under § 308 and Federal Rule of Bankruptcy Procedure 2015(a)(6).  Cause to convert or dismiss this case, therefore, exists under § 1112(b)(4)(F).

        3.        **Cause Exists under § 1112(b)(4)(G) for the Debtor's Failure to Attend the § 341(a) Meeting of Creditors.**

All chapter 11 debtors must appear for examination under oath by the United States Trustee at the § 341(a) meeting of creditors.  11 U.S.C. § 341(a) and Fed. R. Bankr. P. 2003.  The Debtor did not appear for the § 341(a) meeting scheduled for April 26, 2018.  On this basis, cause to convert or dismiss the case also exists under § 1112(b)(4)(G).

        B.        **Dismissal is in the Best Interests of Creditors and the Estate.**

After determining that cause exists, "the Court has broad discretion to either convert or dismiss the chapter 11 case.  Although this discretion is not completely unfettered, the Court is not required to give exhaustive reasons for its decision." *AdBrite*, 290 B.R. at 215, citing *In re Koerner*, 800 F.2d 1358, 1368 (5th Cir. 1986).

6

Here, dismissal, rather than conversion, is in the best interests of creditors and the estate. Because of the Debtor's skeletal filing and failure to appear, the extent of the Debtor's assets and liabilities is unknown and a trustee would likely be unable to administer the estate. Presumably, the Landlord has completed the eviction of the Debtor from the Business Premises and the Debtor has ceased business operations. The Landlord may continue to pursue the Eviction Action in the New York City Civil Court and other creditors may seek relief against the Debtor outside of bankruptcy.

### IV.   CONCLUSION

Based on the foregoing, the United States Trustee respectfully requests that the Court dismiss the Debtor's case and grant other relief as is just.

Dated:  New York, New York  
        June 18, 2018.

WILLIAM K. HARRINGTON  
UNITED STATES TRUSTEE, REGION 2

By: */s/ Alicia M. Leonhard*  
    Alicia M. Leonhard  
    Trial Attorney  
    74 Chapel Street, Room 200  
    Albany, New York 12207  
    Telephone: 202.495.9929 (Direct)  
                   845.452.1696 (Voicemail)  
    Facsimile:  518.434.4459  
    Email: Alicia.M.Leonhard@usdoj.gov